**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

DARMA CANTER,
    Plaintiff,

v.

HSD II, LLC,
DRIP DROP DRINK LLC, and
CRUE HAIR, INC,
    Defendants
_____/

Case No.: 23-cv-179
Honorable _____

**COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
_____

**COMPLAINT FOR VIOLATION(S) OF
THE AMERICANS WITH DISABILITIES ACT OF 1990**

NOW COMES Plaintiff DARMA CANTER, by and through counsel, and complains as follows—

1.    This is a case premised on ongoing violations of the *Americans with Disabilities Act of 1990.*

2.    Plaintiff, an individual with a physical disability, was denied access to public accommodations in violation of the *Americans with Disabilities Act of 1990* ("ADA").

**THE PARTIES**

3.    Plaintiff DARMA CANTER lives within Muskegon County, Michigan and requires the use of a mobility device, and qualifies for protections and/or accommodations under the *Americans with Disabilities Act of 1990* ("ADA").

4.    Defendant HSD II, LLC is a Michigan limited liability company that owns and operates a facility known as Heritage Square Commons, located at the corner of 2nd Street and West Clay Avenue in the City of Muskegon, Michigan.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

5. Defendant DRIP DROP DRINK, LLC is a Michigan limited liability company that operates a place of public accommodation, commonly known as Drip Drop Drink Coffee located at 926 2nd Street in Muskegon, Michigan.

6. Defendant CRUE HAIR, INC is a Michigan for-profit corporation that operates a place of public accommodation, commonly known as The Crue located at 934 2nd Street in Muskegon, Michigan.

7. On information and belief, Defendant HSD II, LLC leases a portion of Heritage Square Commons to Defendants DRIP DROP DRINK, LLC and CRUE HAIR, INC for the purpose of operation place(s) of public accommodation.

**JURISDICTION & VENUE**

8. Pursuant to 28 U.S.C. §1331, this Court has jurisdiction to adjudicate and remedy violations of the *Americans with Disabilities Act of 1990*, 42 U.S.C. §12101, et seq.

9. Venue is proper in the Western District of Michigan because these defendants and the property at issue are located in and Defendants engage in business within the Western District of Michigan.

**COUNT I**
**DENIAL OF ACCESS & DENIAL OF EQUAL ENJOYMENT**
**IN VIOLATION OF TITLE III OF THE ADA**

10. All previous paragraphs are fully incorporated into this section.

11. Heritage Square Commons ("HSC") is a facility that was constructed by and currently owned by Defendant HSD II, LLC with the intention of making several retail units available for lease on the main floor.

12. Because the "last application for a building permit or permit extension" for HSC was certified to be complete on or after March 15, 2012, federal law, i.e. 28 C.F.R. § 36.406(a)(3), required HSC, and any facility within that structure, to be designed, planned, constructed, and maintained in compliance with the 2010 Standards for Accessible Design (the "2010 Standards").

13. Specifically, the 2010 Standards require that each place of public accommodation within HSC to be constructed with at least 60% of public entrances accessible for use by individuals who rely upon mobility devices.

14. Defendant HSD II, LLC designed, constructed and maintains at least two retail units—within HSC—with stepped main entrances.

15. On information and belief, Defendant HSD II, LLC leased one of these units to Defendant Drip Drop Drink, LLC for use by the latter as a coffee shop known as Drip

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Drop Drink, a business which qualifies as a place of public accommodation for Title III purposes.

16. Federal law, 42 U.S.C. § 12181(7)(B) defines a place of "public accommodation" to include "a restaurant, bar, or other establishment serving food or drink."

17. On information and belief, Defendant HSD II, LLC leased one of these units to Defendant Crue Hair Inc for use by the latter as a barber shop / hair salon known as "The Crue," a business which qualifies as a place of public accommodation for Title III purposes.

18. Under 42 U.S.C. § 12181(7)(F) a "barber shop, beauty shop, … or other service establishment" also qualifies as a place of public accommodation for the purpose of Title III.

19. These stepped main entrances to Drip Drop Drink and The Crue create a barrier for any individual who requires the use of a mobility device.

20. A place of public accommodation with a stepped main entrance perpetrates ongoing discrimination against any individual who requires the use of a mobility device.

21. When visiting Drip Drop Drink Coffee or The Crue, all individuals who rely upon a mobility device have encountered an insurmountable architectural barrier (i.e. steps).

22. This barrier prevents mobility-based ingress or egress through the main entrance.

23. Plaintiff DARMA CANTER was made aware of the obstacles described herein and has encountered them herself.

24. Most recently, Plaintiff Darma Canter was denied access to the main entrances of Drip Drop Drink and The Crue on February 16, 2022.

25. Plaintiff DARMA CANTER and others have been denied the opportunity to fully avail themselves of the goods and services offered at Drip Drop Drink Coffee or The Crue, and/or have been relegated to attempt entry through long series of doorways and cluttered hallways.

26. A member of the public who requires use of a mobility device may only enter HSC through a single vestibule entrance that is located on second street (next door to the coffee shop).

27. The vestibule entrance is not always unlocked during the hours that Drip Drop Drink Coffee and The Crue are open.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

28. Disabled patrons are required to navigate a series of doors and hallways which eventually lead to utility entrances

29. In other words, disabled patrons are essentially required to travel substantially greater distances before gaining access to the same service that all other patrons receive within a few steps from the main entrance.

30. This discrimination is prohibited by 42 U.S.C. § 12182 et seq.

31. Even if the secondary entrance did not segregate disabled patrons for a diminished experience, Defendant Drip Drop Drink, LLC and Defendant Crue Hair Inc are required to maintain two accessible public entrances under the 60% Rule.

32. By failing to construct and/or failing to maintain accessible main entrances, all three Defendants are perpetrating ongoing discrimination.

33. The stepped main entrances at Drip Drop Drink and The Crue deny access and/or prevent the full and equal enjoyment of the goods and services offered.

34. Additionally, both of these places of public accommodation provide insufficient means of accessible ingress and egress, thereby subjecting disabled patrons to discrimination.

35. The ongoing nature of these violations creates a deterrent for Plaintiff DARMA CANTER and other disabled individuals who would otherwise be inclined to avail themselves of the goods and services which are offered at the retail units within HSC.

36. Plaintiff DARMA CANTER will and desires to go to and return to these places of public accommodation to participate in public events, to avail herself of goods and services, and also to assure herself that barriers have been removed for the benefit of others who are similarly disabled.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant injunctive relief to Plaintiff DARMA CANTER, including an order requiring Defendants to make the main entrance(s) of Drip Drop Drink Coffee and The Crue accessible.

### REQUESTED RELIEF

38. WHEREFORE, Plaintiff DARMA CANTER requests the Court to:

   a. issue a declaratory judgment finding Defendants in violation of Title III of the *Americans with Disabilities Act*, at the time this lawsuit was commenced;

   b. issue preliminary and permanent injunctions against Defendants, in the form of an order to eliminate architectural barriers such as the stepped main entrances to Drip Drop Drink Coffee and The Crue at the Heritage Square Commons;

    c.    issue preliminary and permanent injunctions requiring Defendants to eliminate any other barriers which are identified or come to light in the course of these proceedings;

    d.    issue preliminary and permanent injunctions requiring Defendant make reasonable modifications in policies, practices or procedures as necessary to ensure equal and unhindered enjoyment of any goods, services, facilities, or events associated with any place of public accommodation within the Heritage Square Commons facility;

    e.    award attorney fees, costs, expert fees, and litigation expenses as authorized by the *American with Disabilities Act of 1990* and any other applicable legal authority; and

    f.    award any other relief as the Court deems just and proper.

Date: February 17, 2023                RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com