UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARMA CANTER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-179 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| HSD II, LLC, DRIP DROP DRINK, LLC and | ) | |
| CRUE HAIR, INC., | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER GRANTING DEFENDANT CRUE HAIR'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Darma Canter sued three defendants alleging violations of the Americans with Disabilities Act. Plaintiff alleges that lessees who operate places of public accommodation, like Defendant Crue Hair, must have accessible public entrances in order to comply with the sixty percent rule found in the Department of Justice's 2010 Standards for Accessible Design. Plaintiff pleads that the main entrance to Defendant's place of business requires the use of stairs and, therefore, Defendant violates the rule. Defendant moves for summary judgment arguing, in part, that it does not control the exterior of the building where the stairs are located. The Court will grant Defendant's motion.

I.

A trial court should grant a motion for summary judgment only in the absence of a genuine dispute of any material fact and when the moving party establishes it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that no genuine issues of material fact exist. *Celotex Crop. v. Catrett*, 477 U.S. 317,

324 (1986). To meet this burden, the moving party must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, any affidavits, and other evidence in the record, which demonstrate the lack of genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). The moving party may also meet its burden by showing the absence of evidence to support an essential element of the nonmoving party's claim. *Holis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 543 (6th Cir. 2014).

When faced with a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The court must view the facts and draw all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Maben v. Thelen*, 887 F.3d 252, 263 (6th Cir. 2018) (citing *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In resolving a motion for summary judgment, the court does not weigh the evidence and determine the truth of the matter; the court determines only if there exists a genuine issue for trial. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

II.

A.

The Court first considers whether Defendant properly brought this motion for summary judgment before this Court. Defendant seeks summary judgment "[f]or the reasons set forth in its Response Brief in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 55, Page ID. 515-524) and the Response Brief of HSD II, LLC and Drip Drop Drink LLC's in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 54, Page ID. 323-335)[.]" (ECF No. 58 PageID.529). The brief repeats this same statement (*id.* PageID.531). The brief contains little else.

Plaintiff contends this approach to summary judgment violates Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure, which requires a motion to "state with particularity the grounds for seeking the order." Plaintiff also argues that Defendant's approach violates the requirement in Rule 56(c)(1)(A) which requires the party moving for summary judgment to cite to particular materials in the record that support the party's assertions.

The Court declines to dismiss Defendant's motion for summary judgment for the reasons articulated by Plaintiff. In its response brief, Defendant set forth clear and coherent reasons for denying Plaintiff's motion for summary judgment. Defendant's response cites to the record and also provides legal citations to support its arguments. Defendant should have submitted a more formal brief in support.[1] With minor alterations, Defendant could simply

---

[1] Although the practice is not uncommon, the Federal Rules of Civil Procedure likely do not sanction "me too" motions whereby one party joins another party's motion by reference. Rule 10(c) authorizes a party, in a motion, to adopt by reference a statement made in a pleading. The rule does not appear to permit a party to adopt a motion by reference. Accordingly, the Court declines to

have "cut and pasted" its response brief to Plaintiff's motion as its brief in support of Defendant's motion for summary judgment. The reasons advanced for denying Plaintiff's motion are also reasons to grant Defendant's motion. Plaintiff's argument here puts form over substance. Plaintiff's response to Defendant's motion demonstrates a lack of prejudice based on the manner in which Defendant presents its motion. Plaintiff was given notice of the arguments she needed to address and took the opportunity to do so in her response to Defendant's motion.

B.

The ADA generally prohibits discrimination on the basis of disability by owners, operators and lessees of places of public accommodations. Title III of the Americans with Disabilities Act (ADA) provides that

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation.

42 U.S.C. § 12182(a). The statute defines "public accommodation" to include private entities whose operations affect commerce, including a "barber shop" and a "beauty shop." *Id.* § 12181(7)(F). To prove a public accommodation claim under Title III, a plaintiff must prove (1) she has a disability within the meaning of the ADA, (2) the defendant owns, leases or operates a place of public accommodation, and (3) the defendant discriminated against the plaintiff by denying her a full and fair opportunity to enjoy the services the defendant

---

consider, as part of Defendant's motion for summary judgment, the arguments made in co-defendants' response brief.

provides. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *see Reinoehl v. Whitmer*, No. 22-1343, 2023 WL 3046052, at *2 (6th Cir. Apr. 17, 2023) (citing *Camarillo*); *accord Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1231 (11th Cir. 2021); *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 956 (8th Cir. 2018). For the purpose of this motion, Defendant challenges only the third element. Defendant does not dispute that Plaintiff has a disability or that Defendant operates a place of public accommodation.

Plaintiff asserts that Defendant Crue Hair operates a place of public accommodation that does not comply with Title III. Plaintiff pleads that the entrances to Defendant's business violate the ADA. Specifically, Defendant leases a unit that requires customers to use stairs in order to access the main entrance (ECF No. 1 Comp. ¶ 14 PageID.2 and ¶ 17 PageID.3). The need to use the stairs to access the main entrance creates a barrier for any individual who needs to use a mobility device (*id.* ¶ 19, ¶¶ 21-22 PageID.3, ¶ 33 PageIED.4). In its brief in response to Defendant's motion, Plaintiff includes a photograph of the main entrance to Defendant's business, which shows two stairs (ECF No. 65 at 3 PageID.571). Defendant does not dispute that stairs lead to the main entrance. Plaintiff's expert, Mark Derry, in his report states that the steps leading to the main entrance that blocks the approach by any person using a mobility device (ECF No. 50-2 PageID.246 and PageID.247).

One issue presented by Defendant's motion is whether the presence of stairs leading to the door constitutes disability discrimination *by this defendant.* Defendant argues that it has no control over the stairs and cannot be held liable for any barrier those stairs create. Defendant relies on several paragraphs in its lease. Defendant leased 930 square feet of the main floor and storage space in the lower level (ECF No. 30-1 ¶ 1 PageID.111). Paragraph

5

7 obligates the landlord to maintain the exterior of the building (*id.*).  The lease also places the burden on the landlord to "maintain or repair any circumstances relating to the initial construction of the Premises which do not conform to municipal and State ordinances affecting Lessee's use of the Premises ...." (*id.* ¶ 29 PageID.121).  Plaintiff does not challenge these facts—they are not disputed.[2]

    Defendant's argument finds support in two opinions issued by the Ninth Circuit Court of Appeals.  First, in *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir. 2000), the court considered whether a landlord could shift all responsibility for compliance with the ADA to the tenant through a lease.  Citing § 12182(a), the court found that the "express terms of the ADA hold a landlord liable for noncompliance." *Id.* at 832.  The court next examined the legislative history of the ADA to find that "a landlord has an independent obligation to comply with the ADA that cannot be eliminated by contract." *Id.* at 833.  Finally, the court considered relevant regulations and found that "the allocation of responsibility between the landlord and a tenant by lease is effective only as between the parties.  Thus, contractual allocation of responsibility has no effect on the rights of third parties." *Id.* (cleaned up; all citations omitted).[3]

---

[2] In her motion for summary judgment, Plaintiff makes a passing reference to the dispute resolution provision in the lease, suggesting that the provision establishes that "remedies ... can be exercised by the tenants" (ECF No. 50 at 7 PageID.215).  The Court need not address perfunctory, undeveloped arguments.  *See Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 681-82 (6th Cir. 2017).

[3] C.F.R. § 36.201(b) provides that "[b]oth the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirement of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract."

Fifteen years later, the Ninth Circuit declined to extend the holding in *Botosan* to impose liability on the tenant where a landlord retained control over a common area. The court held that a department store tenant cannot be held liable for access barriers in the parking lot over which the landlord had exclusive control. *Kohler v. Bed Bath & Beyond, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015). The lease defined the parking lot as a common area and stated that the landlord "shall operate, maintain, repair and replace the Common Areas ... [and] shall comply with all applicable Legal Requirements[.]" *Id.* at 1264. The court reasoned that, prior to the execution of the lease, the landlord has "full control over the entire property" and, in contrast, a tenant has "no preexisting control over a property." *Id.* The landlord's obligation under the ADA remains even when the landlord leases a portion of the property and delegates control to the tenant because the ADA prevents a party "from doing anything 'through contractual, licensing, or other arrangements' that it is prevented from doing 'directly.'" *Id.* (quoting 42 U.S.C. § 12182(b)(1)(A)(i)). Through a lease, a tenant takes control of a portion of the property and takes on "ADA compliance obligations ... for that part of the property it controls." *Id.*

The court explained why it declined to expand the holding in *Botosan* and impose liability on a tenant for ADA violations in a common area controlled by the landlord.

> But Kohler's reading of our decision would impose upon a single tenant—e.g., the cell phone kiosk operating in a shopping center's lobby—liability for ADA violations occurring at the far end of the shopping center's parking lot; such an outcome serves no purpose other than to magnify the potential targets for an ADA lawsuit.

*Kohler*, 780 F.3d at 1264. In a footnote, the court identified how expanding liability to tenants in this situation would "unnecessarily complicate[] the process of remediating the ADA violation." *Id.* n.3.

> Were a court to grant an injunction against a tenant to remediate an area of the property under the landlord's exclusive control, such an injunction would require the tenant to then sue the landlord, under an uncertain cause of action, to ensure subsequent remediation. The goals the ADA are better served by allocating such compliance obligations directly to the landlord.

*Id.*

The Court finds that *Botosan* and *Kohler* set forth an accurate summary of the limits of tenant liability under the ADA.[4] Applying the facts here, Defendant Crue Hair has established that it did not discriminate against Plaintiff. The allegations in the complaint and the evidence of discrimination in the record all point to entry barriers outside of the space leased by Defendant. The entry barriers, such as the stairs outside the main entrance, were under the control of landlord prior to the lease and remained under the control of the landlord upon execution of the lease. Like the parking lots at issue in *Kohler*, at no point did Defendant have control over the stairs leading to its place of business. If the stairs (or any other common area not under Defendant's control) indeed constitute an act of discrimination prohibited by the ADA, only those entities with some control over the stairs can be held liable. In her complaint, in her motion and in her response to Defendant's

---

[4] The Court is unaware of any other circuit court that has considered the distinction in *Kohler*. District courts in the Ninth Circuit follow *Kohler*. Outside of the Ninth Circuit, the District Court for the Southern District of Florida found *Kohler* persuasive, but denied the motion to dismiss because the plaintiff pleaded that the defendant was the lessor, the lessee and or the operator of the architectural barriers giving rise to the claim. *Mears v. Mason*, No. 16-81983, 2017 WL 1327882, at *3 (S.D. Fla. Apr. 10, 2017).

motion, Plaintiff does not identify any access barriers in the space leased by Defendant or any space over which Defendant exercises control.[5]

Plaintiff's authority, *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237 (11th Cir. 2000) does not address the limitations on tenant liability outlined in *Botosan* and *Kohler*. The issue in *Stevens*, and the passage cited by Plaintiff, concerns whether a cruise ship was a place of public accommodation. The court held that a cruise ship was a place of public accommodation, as were the individual restaurants, bars, and retail stores within a cruise ship. *Id.* at 1241. Defendant does not dispute that it is a place of public accommodation.

### III.

Defendant Crue Hair has established a lack of genuine issue of material fact and is entitled to summary judgment. Defendant's lease does not include the stairs outside the main entrance or any of the common areas of the building. Defendant does not exercise control over the stairs. The landlord had control over the stairs prior to the lease and retained control over the stairs in the lease. If the stairs constitute discrimination because they pose a barrier to access, Defendant's lack of control over the stairs means that Defendant did not participate in the discriminatory act and cannot be held liable.

### ORDER

---

[5] Plaintiff appears to acknowledge that Defendant can only be held liable for violations of the space it leases and the space it controls. On page 5 of its response brief (ECF No. 65 PageID.573), Plaintiff argues that Defendant can be held liable because it "has exclusive use and control of Unit 1C, ..., its exclusive use and control of such space makes it responsible for any ADA barriers occurring there." But, the stairs about which Plaintiff complains are not part of the space that Defendant leases and are not under Defendant's control.

For the reasons provided in the accompanying Opinion, the Court **GRANTS** Defendant Crue Hair's motion for summary judgment (ECF No. 58). **IT IS SO ORDERED.**

Date:   October 18, 2024                               /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge